IN THE UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Lisa Francis, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Board of Regents of the University System of Georgia, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Lisa Francis ("Plaintiff" or "Ms. Francis"), by and through his counsel, and brings this *Complaint* for damages against Defendant Board of Regents of the University System of Georgia ("the University" or "Defendant").

### I.    Introduction

1.    Ms. Francis is a student at Kennesaw State University ("KSU") and was employed by the University as a Peer Mentor. Due to a stroke, Ms. Francis suffers from right-side weakness and periodic right-side paralysis. She is unable to write by hand. In January 2019, the University terminated Ms. Francis's employment because she could not take handwritten notes due to right-side

weakness.  The University had ignored Ms. Francis's requests for reasonable accommodations.

2.  As set forth herein, the University's conduct regarding Ms. Francis violated § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA").  Ms. Francis seeks compensatory damages caused by the University's illegal conduct, as well as reasonable attorneys' fees and injunctive relief.

## II.     Jurisdiction and Venue

3.  The Court has subject matter jurisdiction of this action, which arises under federal statutory law.

4.  Venue is proper in this district and division as the wrongs giving rise to Ms. Francis's claims took place herein.

## III.    Parties

5.  Mr. Francis is a resident of Cobb County, Georgia.  She submits herself to the jurisdiction of this Court.

6.  Ms. Francis is a qualified individual with a disability within the meaning of the Rehabilitation Act, Title II of the ADA, and all applicable regulations.

7. Defendant Board of Regents of the University System of Georgia administers all public universities in the State of Georgia, including KSU.

8. Defendant is a public entity within the meaning of Title II of the ADA.

9. KSU is located in Cobb County, Georgia, within this district and division.

10. Defendant is a recipient of federal student aid funds and, upon information and belief, other federal funds and grants.

**IV.     Facts**

11. On October 13, 2016, at age 48, Ms. Francis suffered from a severe stroke.

12. As a result of her stroke, Ms. Francis experienced and continues to experience cognitive difficulties, and she has frequent refractory epileptic seizures that are particularly triggered by stress.

13. She suffers from constant weakness in her right arm and hand. Following epileptic seizures, Ms. Francis frequently experiences Todd's paralysis, which causes her right side to be completely paralyzed or extremely weak. The Todd's paralysis generally lasts anywhere from a few hours to a few days. When she experiences Todd's paralysis, she is unable to engage in any

3

activities using her right side.

14. Her constant right-side weakness prevents her from taking handwritten notes.

15. Among the educational services offered by KSU is a longstanding Peer Mentor program through its Academy for Inclusive Learning and Social Growth. The Peer Mentor program matches disabled students with Peer Mentors, who are also KSU students. The Peer Mentors provide mentorship, guidance, and job shadowing opportunities to the student mentees to help them succeed in the university's academic and professional environment. The program is also designed to develop the Peer Mentors' leadership and professional skills.

16. In addition to the educational function of the program as described above, Peer Mentors are employees of the University. They are paid an hourly wage for their time mentoring other students.

17. The Peer Mentor program is a service, program, or activity within the meaning of Title II of the ADA.

18. On or about June 26, 2018, Ms. Francis applied to be a Peer Mentor.

19. In her cover letter, Ms. Francis was open about her disability.

20. On or about August 16, 2018, the University formally hired Ms. Francis to serve as a Peer Mentor, though the University had already assigned a

mentee to Ms. Francis.

21. Ms. Francis told her supervisors she either would need to be assigned a mentee who did not require Ms. Francis to serve as a scribe or note-taker.

22. During her first months as a Peer Mentor, Ms. Francis successfully worked with four disabled student mentees.

23. Towards the end of the Fall semester, Ms. Francis's supervisor, Katherine Rigsby, and Ms. Francis agreed on the specific students Ms. Francis would mentor during the Spring semester.  The mentees were selected for Ms. Francis because they did not require a scribe.

24. However, in December 2018, a new supervisor, Jasmine James, took over the Peer Mentor program.

25. Ms. James ignored Ms. Francis's request for placement with students who did not require a note-taker or scribe and did not honor Ms. Francis's prior agreement with Ms. Rigsby.

26. Instead, on or about January 10, 2019, Ms. James fired Ms. Francis.

27. Ms. James told Ms. Francis she was fired because she could not use her right hand to take handwritten notes.

28. As a result, Ms. Francis has suffered economic and non-economic damages, including emotional distress.

## V. Legal Claims

### Count I: Section 504 of the Rehabilitation Act

29. By this reference, Ms. Francis incorporates the above factual statements as if fully stated herein.

30. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a) (2000).

31. The Rehabilitation Act requires that "an otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers." *Alexander v. Choate*, 469 U.S. 287, 301 (1985).

32. The University is an entity that receives federal funds in numerous areas.

33. The University denied Ms. Francis the benefits of its employment and educational programs by (1) failing to reasonably accommodate her

disability to allow her to continue to participate in the Peer Mentor program, and (2) terminating her from the Peer Mentor program because of her disability.

34. The University further engaged in discrimination by providing the benefits of its employment and educational programs and other related services to its students as a whole, while failing to do the same for Ms. Francis because of her disability.

35. Based on the evidence described herein, and additional evidence to be presented at trial, the University exercised deliberate indifference to Ms. Francis's federally protected rights.

36. Ms. Francis is entitled to recover economic and non-economic compensatory damages, including damages for emotional distress, for the harm she has experienced as a consequence of the violations of the Rehabilitation Act described herein.

37. Ms. Francis also is entitled to recover a reasonable attorney's fee, and the costs of this action

### Count II: Title II of the Americans with Disabilities Act

38. By this reference, Ms. Francis incorporates the above factual statements as if fully stated herein.

39. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

40. The University is a public entity.

41. The University denied Ms. Francis the benefits of its services, programs, or activities by (1) failing to reasonably accommodate her disability to allow her to continue to participate in the Peer Mentor program, and (2) terminating her from the Peer Mentor program because of her disability.

42. The University further engaged in discrimination by providing the benefits of its services, programs, or activities to its students as a whole, while failing to do the same for Ms. Francis because of her disability.

43. Based on the evidence described herein, and additional evidence to be presented at trial, the University exercised deliberate indifference to Ms. Francis's federally protected rights.

44. Ms. Francis is entitled to recover economic and non-economic compensatory damages, including damages for emotional distress, for the harm she has experienced as a consequence of the violations of Title II of the ADA described herein.

45. Ms. Francis also is entitled to recover a reasonable attorney's fee, and the costs of this action

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A trial by jury;

b. Compensatory damages for all economic and non-economic injuries, including emotional distress damages;

c. A declaration that Defendant is in violation of the Rehabilitation Act due to its denial of the benefits of employment, educational programs, and other related services to Plaintiff;

d. A declaration that Defendant is in violation of Title II of the ADA due to its denial of its services, programs, or activities to Plaintiff;

e. Appropriate injunctive relief;

f. Reasonable attorneys' fees and costs; and

g. Other legal and equitable relief as the court finds appropriate.

Respectfully submitted this 15th day of September, 2020.

/s/ Daniel Werner
Daniel Werner
Georgia Bar No. 422070
dan@decaturlegal.com
James Radford
Georgia Bar No. 108007
james@decaturlegal.com
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300

*Attorneys for Plaintiff*